MARY F. DWYER, complainant-respondent,

*v.*

WILLIAM F. DWYER, defendant-appellant.

[Argued February 11th, 1943. Decided April 30th, 1943.]

*Mr. Louis Lando,* for the complainant-respondent.

*Mr. Thomas Brunetto,* for the defendant-appellant.

The opinion of the court was delivered by

PORTER, J.

This is an appeal from a decree of the Court of Chancery in a matrimonial cause. The wife filed a bill for separate maintenance. A few days later the husband filed a petition for divorce charging desertion. The trial court consolidated the causes, treating the wife's suit as the main action and the husband's suit as a counter-claim thereto. This couple were married in 1916. Two children, now adults, were born of the marriage.

The wife charges that her husband abandoned her, failed to adequately support her and that he was guilty of adultery

with a Miss R. The husband charges his wife with desertion, alleging that since March, 1931, she had refused him marital relations. Both filed answers denying the charges.

The learned advisory master to whom the case was referred advised a decree in favor of the wife and awarded her $15 a week for support and a counsel fee. He advised a dismissal of the husband's counter-claim. We think that the proofs sustain these conclusions.

The case is largely one of fact. The wife denied the truth of the charge made against her, and the husband's testimony in that regard was without any corroboration. Consequently he failed to establish his counter-claim. On the other hand we think that the proofs and proper inference to be drawn therefrom fully sustain the allegations of the wife. This middle aged couple seem to have lived a rather normal married life since a reconciliation, which followed a separation in 1925, until early in September, 1940. From then until the instant suit was filed a year later the husband showed no interest in his wife or family. He became surly, morose and inconsiderate. He occupied a bedroom by himself. He was engaged in the garage business. When these proceedings were instituted, he left his home, having previously removed his clothing therefrom. During the two months preceding his leaving, August and September, 1941, he only gave his wife $15 for her support. The fact that his wife sought the aid of the court to compel him to adequately support her is not any justification for his act of abandonment. Nothing short of her guilt of a matrimonial offense would justify his so doing. *Rogers* v. *Rogers, 81 N. J. Eq. 479; 86 Atl. Rep. 935; Bradway* v. *Bradway, 74 Atl. Rep. 150; Howey* v. *Howey, 77 N. J. Eq. 591; 78 Atl. Rep. 696.* We conclude that the wife has established his abandonment and inadequate support. *Cf. Olsen* v. *Olsen, 131 N. J. Eq. 224; 24 Atl. Rep. (2d) 217.*

The cause of the abandonment seems clearly to be the infatuation of the husband with Miss R. They were carrying on a clandestine love affair for at least a year preceding the institution of the instant suit. Indeed, the brief of the husband admits that the object of his suit for divorce was so that

he and Miss R. might marry. The wife tried to break off the affair. She sought out Miss R. and remonstrated with her and received her promise that she would discontinue seeing her husband. The promise was not kept. At least the respondent so testified, and Miss R. who was called as a witness did not deny it. Miss R. was frequently seen at the garage alone with the appellant, and at times at night in semi-darkness. He was in the habit of driving her to her place of employment and gave her many presents. The matter seems to have come to a climax in August, 1941, when the appellant's son found a letter in the garage admittedly written to appellant by Miss R. from the White Mountains. This letter was shown to the respondent and was admitted in evidence. It clearly indicated a love affair between the writer and appellant. The letter is not evidence against appellant of the truth of its contents, but from his possession of it and his conduct his acquiescence in its truth may be inferred. He did not repudiate its contents other than to testify that the same were not exactly true and that there were "phrases in there I don't think I care about." *Cf. Cartan* v. *Cartan, 93 N. J. Eq. 175; 115 Atl. Rep. 353.*

This letter was a most ardent love letter, and from it and inferences to be drawn therefrom, together with the other proofs concerning the conduct of appellant and Miss R., we conclude that the finding of the court below was fully justified that this affair was the cause of the husband's abandonment of his wife.

The decree under review will therefore be affirmed.

*For affirmance*—THE. CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, WELLS, RAFFERTY, THOMPSON, JJ. 11.

*For reversal*—None.